UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY VANCLEAVE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-00039-WTL-TAB ) |
| SUPERINTENDENT, Duvall Work Release Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
And Directing Entry of Final Judgment**

Gregory VanCleave, an inmate in the Indiana Department of Corrections (IDOC), petitions pursuant to 28 U.S.C. § 2254 for the reversal of certain disciplinary sanctions he received in IDOC proceeding number IYC-16-08-0195. Mr. VanCleave was found guilty of possession or use of a controlled substance while he was incarcerated at the Plainfield Correctional Facility. His petition, for the reasons explained below, is denied.

**I. Overview**

Indiana prisoners may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process of law. Due process is satisfied when prisoners are given advance written notice of the charges against them, provided an opportunity, albeit with limitations, to present evidence to an impartial decision maker, given a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and when there is "some evidence in the record" to support a finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454

(1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

Mr. VanCleave was charged on August 12, 2016, in a conduct report written by Investigator P. Prulhiere, with "Class B" offense "202, Possession or Use of a Controlled Substance." Dkt. 10-1. Prulhiere wrote the report charging Mr. VanCleave with this offense because Mr. VanCleave's randomly collected urine sample, taken August 3, 2016, tested positive for amphetamine and methamphetamine. At about 12:05 p.m. on that day, the sample was provided to and collected by Sergeant J. Wilson. Redwood Toxicology Laboratory tested the sample and reported that it was positive for amphetamine and methamphetamine. Dkt. 10-2. The prison disciplinary proceeding followed.

The prison served Mr. VanCleave with the Conduct Report and a Notice of Disciplinary Hearing (Screening Report). Dkt. 10-3. He was notified of his rights and he pled not guilty. Mr. VanCleave did not request a lay advocate but requested information from a witness, Sergeant Wilson.

Sgt. Wilson provided a written statement. The hearing officer considered the Conduct Report, Redwood Toxicology Laboratory's report, the Screening Report, a statement from Sergeant Wilson, and Mr. VanCleave's statements.

The hearing officer found Mr. VanCleave guilty of the violations and imposed as sanctions the loss of sixty (60) days of earned time credit, demotion from credit class one to credit class two, and reimbursement to the correctional facility of $17.28 for the cost of the urine test. Dkt. 10-6.

Mr. VanCleave has exhausted his administrative appeal remedies.

### III. Analysis

Mr. VanCleave claims that his rights to due process of law were denied because there was insufficient evidence to find him guilty. He argues that he takes a prescribed medication, Zantac, which caused a false positive for amphetamine and methamphetamine in the laboratory test.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In his reply, Mr. VanCleave contends that he "presented documentary evidence that clearly showed the medication he was prescribed, Zantac . . . would cause a false positive for amphetamine/meth." Dkt. 12, p. 4. The hearing officer, Mr. VanCleave contends, "outright rejected" his evidence. He did this, according to Mr. VanCleave, by having Mr. VanCleave leave the room while he made a phone call. Mr. VanCleave asserts that when he was summoned back into the room, the hearing officer announced that he had "to find you guilty." Dkt. 12, p. 5.

While the evidence that Mr. VanCleave presented to the hearing officer is not in the record, Mr. VanCleave writes that he did, in fact, present it to the hearing officer, who then outright rejected it. The scope of this Court's review is not to decide which party had the better or stronger evidence, or which evidence must be believed or discounted. Rather, it is to determine whether Mr. VanCleave was afforded due process of law and a fundamentally fair process. Here, the Conduct Report and the laboratory report constituted "some evidence." Because there was indeed *some* evidence to support the disciplinary decision, the decision was not arbitrary, and the requisite due process steps were provided, Mr. VanCleave cannot show entitlement to habeas corpus relief. *Hill,* 472 U.S. at 454.

### IV. Conclusion

For the reasons set out above, Gregory VanCleave's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**The clerk is directed** to update the docket to reflect the Petitioner's change of address as indicated in the distribution list below. **The clerk is also directed** to update the docket to reflect the sole respondent as identified in this Entry's caption, pursuant to the automatic substitution of parties under Fed. R. Civ. P. 25(d).

**IT IS SO ORDERED.**

Date: 3/13/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Note to Clerk:  Processing this document requires actions in addition to docketing and distribution.**

- 5 -

Distribution:

Electronically registered counsel

GREGORY VANCLEAVE
IDOC No. 219909
Duvall Work Release Facility
1848 Ludlow Avenue
Indianapolis, IN 46201